THE PEOPLE OF THE STATE OF NEW YORK ex rel. DEBORAH G. et al., on Behalf of "BABY BOY" G. Respondents, v JOHN DOE et al., Appellants.— Appeals from (1) an order of the Family Court, Queens County, dated November 2, 1979, which, inter alia, directed that custody of the child in question be awarded to the natural parents and (2) a further order of the same court, dated February 7, 1980, which, inter alia, denied appellants' motion for renewal. Orders affirmed, without costs or disbursements. The consent of the petitioner natural father was required pursuant to the decision of the United States Supreme Court in Caban v Mohammed (441 US 380). No consent was sought or obtained and the claim of abandonment is not supported by the record. The natural mother's consent was tainted by family pressures and, more critically, by the conduct of her attorney. Where counsel undertakes to represent a natural mother, such counsel must be independent and effective. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.

SUFFOLK COUNTY CORRECTION OFFICERS BENEVOLENT ASSOCIATION et al., Appellants, and SUFFOLK CHAPTER, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Intervenor-Appellant, v JOHN V.N. KLEIN, as County Executive of Suffolk County, et al., Respondents.—Judgment of Supreme Court, Suffolk County, entered July 10, 1979, affirmed, without costs or disbursements, on the memorandum decision of Mr. Justice Geiler at Special Term. Damiani, J. P., Margett, O'Connor and Weinstein, JJ., concur.